# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| SHELLEY BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-05068-CV-SW-LMC |
| | ) |
| WAL-MART STORES EAST, LP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Amend Pleadings to Add Additional Defendant (Doc. #15). Pursuant to Rules 15(a)(2) and 20(a)(2) of the Federal Rules of Civil Procedure, Plaintiff seeks to amend her Petition to name Lisa Oyanguren as a defendant in this matter. Plaintiff notes that the amendment implicates 28 U.S.C. § 1447(e). (Doc. #15-2 at 2.) Defendant Wal-Mart Stores East, LP opposes the amendment alleging that the amendment would be futile as the claims against Ms. Oyanguren are barred by the statute of limitations. (Doc. #18 at 2–4.) Defendants also argue that Ms. Oyanguren is not a necessary and indispensable party under Rule 19, and the Court should deny the request to amend because amendment would deprive this Court of jurisdiction. (Doc. #18 at 4–8.)

### I. Background

Plaintiff Shelley Bryant alleges that she sustained injury to her foot, compartmentalized and regional pain syndrome, expenses for further medical care and treatment and emotional upset, anxiety, pain and suffering, as a result of a heavy can of soup that fell on her foot. (Doc. #1-1 at 4–5.) At the time of the injury, Plaintiff was in the check-out line of the Wal-Mart store in Branson West, Missouri. (Doc. # 1-1 at 4.) As Plaintiff stood next to the bagging area, the cashier knocked

"a large heavy can of soup off the checking counter and directly onto [Plaintiff's] foot." (Doc. #1-1 at 4.)

Plaintiff filed the instant Petition on April 22, 2021, in the Circuit Court of Stone County, Missouri. (Doc. #1-1.) She named as Defendants Wal-Mart Stores East, LP and Jane Doe Cashier. (Doc. #1-1 at 3–4.) Defendant Wal-Mart Stores East, LP removed this matter on August 17, 2021, based on diversity jurisdiction. (Doc. #1.)

On October 29, 2021, this Court adopted the parties' proposed discovery schedule found in section B of Document #11. (Doc. #12.) Per that order, any motion to join additional parties were due on December 1, 2022, and any motion to amend the pleadings were due on December 10, 2022. (Doc. #11 at 2; Doc. #12.) Plaintiff filed the instant motion on December 23, 2022. (Doc. #15-2.)

## II.     Analysis

Plaintiffs argue that 28 U.S.C. § 1447(e) permits joinder of non-diverse parties and that leave to amend should be freely given to promote justice. (Doc. #15-2 at 2-7.) Defendant Wal-Mart Stores East, LP first argues that amendment would be futile because the statute of limitations has run on the claims against Lisa Oyanguren. Because this argument is dispositive, the Court will not address the other arguments made by Defendant.

Plaintiff is correct that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, a district court may deny leave to amend in "those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). Furthermore, when a motion to amend the pleadings is filed after the deadline set forth in the Court's scheduling order, then the moving party

2

much show good cause to modify the schedule. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). As the Court in *Sherman* recognized, the "primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* at 717 (internal quotations and citations omitted.)

Defendant Wal-Mart Stores East, LP argues that amendment would be futile as the claims against Lisa Oyanguren would not survive a motion to dismiss as the petition establishes that the claim is barred by the statute of limitations. (Doc. #18 at 2-3.) The Eighth Circuit has found that "when it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (internal quotations and citations omitted.) "[I]f it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled." *Id.*

Plaintiff seeks to add a claim of negligence against the cashier, Lisa Oyanguren. (Doc. #15-1.) Pursuant to Missouri statute, a claim of negligence must be made within five years. Mo. Rev. Stat. § 516.120(4). Plaintiff's injury occurred on October 17, 2016, yet the motion to amend was filed on December 23, 2021. The motion to amend was filed in excess of five years from the date of the injury. Plaintiff has not responded to Defendant's response; therefore, to the extent that there may be an argument that the amendment relates back[1] or the savings statute[2] applies, the Court finds that Plaintiff has waived such argument. *See Smith v. Auto Club Servs.*, Inc., 2017 WL

---

[1] The Courts notes that the Eighth Circuit has found that use of a "John Doe pleading device d[oes] not qualify as a 'mistake'" under Rule 15(c). *Heglund v. Aitkin Cty.*, 871 F.3d 572, 578–79 (8th Cir. 2017).
[2] *See* Mo. Rev. Stat § 516.230.

4857431, at *2 (D. Minn. Oct. 25, 2017) (finding that a failure "respond to an argument in response to a motion to dismiss 'amounts to a waiver, and on that basis alone defendant's motion to dismiss ... should be granted.'") Because the motion to amend was filed in excess of the statute of limitations period, amendment would be futile.

### III. Conclusion

Therefore, it is

ORDERED that Plaintiff's Motion to Amend Pleadings to Add Additional Defendant is DENIED.

 */s/ Lajuana M. Counts*  
LAJUANA M. COUNTS  
UNITED STATES MAGISTRATE JUDGE

4

Case 3:21-cv-05068-LMC   Document 20   Filed 02/22/22   Page 4 of 4